UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CV-0377-CVE-FHM |
| EAGLEMED, LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand (Dkt. # 11). Defendant EagleMed, LLC (EagleMed) removed this case to federal court on the basis of federal question jurisdiction, and it argues that plaintiff's state law claim seeking declaratory relief is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. (ERISA). Plaintiff asks the Court to remand the case, because her claim against EagleMed is based solely on state law and she is not seeking benefits under an employee benefits plan. Dkt. # 11, at 2.

**I.**

On February 15, 2014, Brenda Garrett was hospitalized in Joplin, Missouri, and physicians at the hospital determined that Garrett should be transferred to the Cox Medical Center in Springfield, Missouri for treatment. Dkt. # 2-1. EagleMed transported Garrett to the Cox Medical Center by helicopter, and EagleMed billed plaintiff's health insurer $35,009.75 for providing the transportation. Id. at 2. EagleMed later sent a bill to plaintiff directly after plaintiff's "agents and/or counsel" disputed that the amount billed by EagleMed was excessive. Plaintiff has not alleged in her petition that her insurer formally denied coverage for EagleMed's bill or made a partial payment to EagleMed. Plaintiff filed this case in Ottawa County District Court seeking a declaratory

judgment that she is not obligated to pay EagleMed the full amount of the bill, and she also requests a declaratory judgment as to the "reasonable value of the services rendered" by EagleMed. Id. at 3.

EagleMed removed the case to federal court on the basis of federal question jurisdiction, even though plaintiff had alleged a claim arising under state law. EagleMed assumes that the facts alleged in Garrett's petition are true for the purpose of filing a notice of removal, but EagleMed has also attached to the notice of removal a letter from the law firm of Conner & Winters, LLP. The letter was sent to EagleMed by Conner & Winters in its capacity as general counsel for Newell Coach Corporation (Newell Coach). Newell Coach is Garrett's employer and Newell Coach operates a self-funded health and welfare plan for its employees. Dkt. # 2-6, at 1. Newell Coach disputed that the amount charged by EagleMed was "reasonable and customary," and it claimed that it would be violating its fiduciary duty to plan participants by paying the full amount of the bill. Id. at 2. Newell Coach offered to pay EagleMed $7,500 to fully resolve EagleMed's claim or it offered to "stand in the shoes of the beneficiary and defend any collection action that EagleMed must file in Oklahoma." Id. at 3. EagleMed states it that has attempted to continue negotiating with Newell Coach, but Newell Coach has not paid anything to EagleMed and there is no pending litigation between the parties. Dkt. # 2, at 3.

EagleMed filed a motion to dismiss (Dkt. # 16) asserting that the Court lacks personal jurisdiction over EagleMed and that plaintiff's claim is preempted by the Airline Deregulation Act of 1978. Plaintiff requested that the Court stay the briefing deadlines as to defendant's motion to dismiss until her motion to remand was resolved. Dkt. # 17. The Court granted plaintiff's motion and stayed the briefing deadlines as to defendant's motion to dismiss. Dkt. # 18. The Court also

found good cause to stay the entry of a scheduling order, and no scheduling order has been entered. Dkt. # 21.

## II.

Plaintiff asks the Court to remand this case to state court, because she has alleged a state law claim only and her claim does not implicate any action by Newell Coach in its capacity as plaintiff's self-funded health insurer. Defendant responds that plaintiff cannot avoid ERISA by artful pleading and plaintiff's claim necessarily requires the resolution of issues arising under an employee benefits plan.

ERISA provides a civil claim for enforcement of a beneficiary's rights under an employee benefits plan governed by ERISA. 29 U.S.C. § 1132(a). ERISA preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title." 29 U.S.C. § 1144. The Supreme Court has noted that ERISA's preemption provision is "conspicuous for its breadth" and has interpreted the term "relate to" broadly:

> "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Under this "broad common-sense meaning," a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive scheme.

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). The Supreme Court has clearly held that ERISA preempts common law claims, as well as claims arising under state statutory schemes governing employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). Even if ERISA provides fewer remedies than state law, this has no bearing on the preemption analysis because § 1144 "evidences Congress's policy choices and intent to provide only the remedies it specified." David P. Coldesina, D.D.S. v. Estate of Simper, 407 F.3d 1126, 1139 (10th Cir. 2005).

3

However, these principles relate to conflict preemption under ERISA, and § 1144 does not automatically convert every state law claim preempted by ERISA into a federal claim. Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1156 (10th Cir. 2004).

The scope of ERISA preemption is sufficiently broad that it completely preempts any state law claims falling within its civil enforcement provision. Metropolitan Life Ins. v. Taylor, 481 U.S. 58 (1987). Complete preemption is an exception to the well-pleaded complaint rule, and permits removal of a complaint alleging state law claims if "federal preemption makes the state law claim 'necessarily federal in character . . . .'" Turgeau v. Administrative Review Bd., 446 F.3d 1052, 1061 (10th Cir. 2006). Thus, even if a complaint alleges state law claims, a state law claim may be converted into an ERISA claim for purposes of federal question jurisdiction and the well-pleaded complaint rule if the claim is completely preempted by ERISA. Felix, 387 F.3d at 1156. The Supreme Court has stated:

> [I]f an individual brings suit complaining of a denial of coverage . . . , where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

Davila, 542 U.S. at 210.

Under the first prong of Davila, the Court must consider whether "at some time, [plaintiff] could have brought [her] claim under ERISA . . . ." The Tenth Circuit has stated that the first prong is satisfied when the plaintiff's claim "asserts rights to which the plaintiff is entitled 'only because of the terms of an ERISA-regulated employee benefit plan.'" Salzer v. SSM Health Care of Oklahoma Inc., 762 F.3d 1130, 1135 (10th Cir. 2014). ERISA provides that "[a] civil action may

4

be brought--(1) by a participant or beneficiary-- (B) to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a).  Plaintiff argues that she is not seeking to enforce any right under an employee benefits plan and the relief she seeks is entirely independent of any dispute between Newell Coach and EagleMed. She further argues that the Court can consider only the allegations of her petition and "Newell Coach's actions [are not] a proper consideration for the court in determining removeability." Dkt. # 11, at 5. While plaintiff has attempted to frame the suit in a manner that does not involve Newell Coach, the Court cannot disregard that the case has reached this point because plaintiff's health insurer has refused to pay EagleMed's claim. The manner in which plaintiff has pled her claim attempts to minimize this fact, but plaintiff's petition makes it clear that her health insurer was billed and that "plaintiff, either herself or through her agents and/or counsel" has disputed EagleMed's bill. Dkt. # 2-1, at 2. Plaintiff certainly has a right to submit EagleMed's bill for payment to her health insurer because, under § 1132(a), she may seek to recover benefits or at least clarify whether EagleMed's bill is covered by Newell Coach's self-funded health plan. In Salzer, the Tenth Circuit explained that a state law claim falls within the first prong of Davila if a court will be required to interpret an ERISA plan, and this includes whether plaintiff is entitled to pay a discounted bill because of the terms of an ERISA plan. Salzer, 762 F.3d at 1138. Regardless of how plaintiff's claim is characterized, the essential purpose of plaintiff's claim is to pay a reduced bill to EagleMed and this will necessarily require consideration of whether plaintiff is entitled to pay a reduced bill because of her participation in an employee benefits plan. Thus, plaintiff's claim against EagleMed asserts a right arising only because plaintiff is a participant in an employee benefits plan.

The Court must next consider whether "there is no other independent legal duty that is implicated by [the] defendant's actions." Davila, 542 U.S. at 210. This prong of Davila is met if "interpretation of the Plan is a necessary component" of plaintiff's state law claim. Salzer, 762 F.3d. at 1138. Plaintiff argues that her claim arises under "state quasi-contract law," because there was no contract between her and EagleMed and the only remedy available to her is equitable relief under state law. Dkt. # 11, at 6. It is unclear if plaintiff is reluctant or unwilling to press her health insurer for a decision on EagleMed's bill, but plaintiff clearly has an independent right under ERISA to make a claim with her health insurer for payment of the bill.[1] EagleMed initially submitted a bill to Newell Coach in its capacity as the administrator of a self funded health plan and, based on the allegations of plaintiff's amended complaint, it appears that the plan administrator has not taken any final action on that bill. In Salzer, the Tenth Circuit found that a plaintiff's claim for tortious interference with contract under Oklahoma law required the interpretation of an employee benefits plan, because the plaintiff could be entitled to recover some amount of benefits under the plan that would reduce his liability to the defendant. Salzer, 762 F.3d at 1138. In this case, plaintiff has a right to present her claim for payment of EagleMed's bill to Newell Coach, but the amended complaint contains no allegation that plaintiff has exercised her rights under the plan and that her claim for benefits has been denied. The Court cannot resolve plaintiff's claim for equitable relief against defendant without referring to Newell Coach's self-funded health plan, because the Court

---

[1] The Court notes that both Newell Coach and plaintiff are represented by Conner & Winters and plaintiff could be referring to the self-funded health plan operated by Newell Coach as her "agent," and it appears that plaintiff and Newell Coach are currently acting as mutually interested parties. Of course, both plaintiff and Newell Coach have a shared interest in negotiating a reduction in EagleMed's bill, but as the litigation proceeds plaintiff and Newell Coach may become adverse if Newell Coach refuses to fully resolve EagleMed's bill for the transportation of plaintiff.

will need to know if the plan will cover some or all of the disputed bill in order to determine the amount of the outstanding liability allegedly owed to defendant. This is an issue that requires interpretation of the plan and the second prong of Davila is satisfied.

The Court finds that plaintiff's state law claim is completely preempted by ERISA and the case was properly removed to federal court. Plaintiff has attempted to plead her claim in a manner that does not implicate ERISA, but plaintiff certainly could have brought this case as a claim against her insurer and the Court will necessarily need to consider the terms of the plan to determine the amount of plaintiff's outstanding obligation to EagleMed. The Court has subject matter jurisdiction over plaintiff's claim and her motion to remand should be denied.[2]

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Dkt. # 11) is **denied**. A scheduling order will be entered forthwith.

**IT IS FURTHER ORDERED** that the stay entered on July 29, 2016 of the briefing deadlines on defendant's motion to dismiss is **lifted**. Plaintiff's response to the motion to dismiss (Dkt. # 16) is due no later than **September 29, 2016**, and defendant's reply is due no later than **October 13, 2016**.

**DATED** this 8th day of September, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court has subject matter jurisdiction to the extent that the case was properly removed to federal court, but the Court will rule on the issues personal jurisdiction and preemption under the Airline Deregulation Act when defendant's motion to dismiss is fully briefed. The Court also notes that there could be an issue as to the exhaustion of administrative remedies if EagleMed has demanded payment from plaintiff's insurer and that claim has not been fully resolved by the plan administrator. See Whitehead v. Oklahoma Gas & Elec. Co., 187 F.3d 1185 (1999); McGraw v. Prudential Ins. Co. of America, 137 F.3d 1253 (10th Cir. 1998).

7